## Andrew Hawkins et al. v. Thomas Hobson et al.

### Decided October 16, 1909.

**1.—Tenant in Common—Conveyance of Interest in Specified Part.**

Under certain circumstances equity will set off to the vendee of a tenant in common the particular part of the whole conveyed to him, but in no case will a deed by one tenant in common to a specified portion of the common estate be permitted to prejudice the rights of other cotenants or their grantees.

**2.—Same.**

When a tract of land is owned by a number of tenants in common and some of said tenants convey a specified part of the entire tract to one grantee, and afterwards the same tenants in common convey to another grantee another and different specified part of the entire tract, each grantee will take respectively the interests of the grantors in the specified and particular tract conveyed to him. The first grantee will not be allowed, in the absence of possession, improvements or any other equity, to appropriate the entire interest of the grantor in the entire tract.

**3.—Same—Location—Contract—Estoppel.**

In the absence of authority to make such contract, one joint owner in an unlocated land certificate is not bound by a contract made by another joint owner whereby a part of the land located is given to the locator for his services.

Appeal from the District Court of Dallam County. Tried below before Hon. J. N. Browning.

*D. B. Hill, John W. Veale* and *R. R. Hazlewood,* for appellants.— Under the uncontroverted evidence in the case, the defendants, Andrew and G. B. Hawkins, were entitled to judgment for whatever land Barnes Parker, T. J. Hollingsworth, Wm. G. Brown and F. M. Chandler owned of the league of land in controversy on the 14th day of July, 1877, at which time they deeded to J. J. Walker the 1,000 acres now claimed by the appellants, Andrew and G. B. Hawkins. Williams v. Hardie, 21 S. W., 267; Veramandi v. Hutchins, 48 Texas, 552; Johnson's Adm'r v. Timmons, 50 Texas, 521; Harrison v. McMurray, 71 Texas, 122; Smith v. Swan, 22 S. W., 247; Rigsby v. Galceron, 39 S. W., 650.

By the recitals in the deed from Parker and others to Walker, dated July 14, 1877, and by the testimony of Frank and John W. Maddox, it appears that Walker was a purchaser for value. The record of his deed was notice to appellees of his rights, and they, with such notice, having accepted and appropriated the benefits of the consideration paid by Walker, and having acquiesced in the sale for more than thirty years, they are now estopped from denying his vendees the right to recover the specific land which they claim under Walker. Cameron v. Thurmond, 56 Texas, 22; Thompson v. Robinson, 56 S. W., 578; Lemonds v. Stratton, 24 S. W., 370; Maverick v. Burney, 88 Texas, 560; Peak v. Swindle, 68 Texas, 242.

The record of Walker's deed was notice to appellees. Rev. Stats., art. 4652; Massie v. Yates, 29 S. W., 1132; McCoy v. Cunningham, 65 S. W., 1084; Galbraith v. Howard, 32 S. W., 803.

*W. M. Pardue* and *T. S. Henderson,* for appellees.—Where grantors, claiming to be the owners of an entire grant of land, convey a particular portion by quitclaim to one claiming a locative interest in such grant, and it afterwards appears that such grantors only owned an undivided interest in such grant, those claiming under such quitclaim conveyance will not be permitted to hold the entire interest of such grantors in the grant as concentrated in the particular portion conveyed by such quitclaim deed. Acceptance of land located without authority does not give locator any right nor divest owner of any title. Shifflet

v. Morelle, 68 Texas, 391; Chamberlain v. Pybas, 81 Texas, 511; Sypert v. McCowen, 28 Texas, 636; Abernathy v. State, 81 Texas, 430; Powell v. Thompson, 66 Texas, 230.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellees in the usual form of trespass to try title to recover a league of land situated in Dallam County, patented to Joel Moore in July, 1875. Appellees are heirs and vendees of heirs of the Joel Moore in whose right the certificate was issued, and appellants Andrew and G. B. Hawkins claim one thousand acres out of the southeast corner of the league, and other appellants claim another specified part of the league consisting of five hundred and sixty-three acres. The verdict and judgment, which were in accord with the peremptory instruction of the court, gave appellees all of the land sued for except one hundred and three of the one thousand acres out of the southeast corner of the league, which was awarded to Andrew and G. B. Hawkins, and fifty-eight acres of the five hundred and sixty-three-acre parcel, which was adjudged in favor of appellant G. L. Robinson.

The facts are undisputed. In so far as necessary to state them, they are that the certificate for the league is one for an unlocated balance issued in the name of Joel Moore by the Commissioner of the General Land Office June 1, 1871. It was located on the land in controversy by the surveyor of the Jack Land District for or in behalf of one J. J. Walker as the locator on November 28, 1874, and patented to Joel Moore April 29, 1875.

Joel Moore died in Milam County, Texas, in 1838, leaving as his sole heirs nine children. Of these, the right of eight to twenty-one hundred and eighty-six acres of the original certificate issued to Joel Moore, was conveyed to David T. Chamberlain and John T. Flint on June 15, 1860. On October 25, 1875, Frances Moore, widow of George Moore, a son of Joel Moore; William Young, surviving husband of his deceased wife Sinai Young (*nee* Moore), for himself and as guardian of his children by said Sinai; S. M. Compton, one of the four surviving children of Sarah Howlett, deceased daughter of Joel Moore, joined by her husband, W. Y. Compton, executed deed which conveyed to Barnes Parker, T. J. Hollingsworth, W. G. Brown and F. M. Chandler an interest in the certificate located upon the land in controversy, variously estimated but which approximates five hundred and fifty acres. Barnes Parker, Hollingsworth and other grantees in the deed last mentioned, on July 14, 1877, executed deed in terms conveying to J. J. Walker, for his services in locating the certificate, the one thousand acres in the southeast corner of the league now claimed through mesne conveyances from J. J. Walker by appellants Andrew and G. B. Hawkins. Barnes Parker, Hollingsworth, Brown and Chandler later, and before the institution of this suit, also made conveyance of the five hundred and sixty-three acres now claimed by appellant G. F. Robinson. No authority emanating from any one or more of the appellees was shown which bound them or any of them to recognize the contract for one thousand acres asserted by J. J. Walker as the consideration for his services in locating the certificate in controversy upon which appellants in part relied, nor by estoppel, con-

veyance or otherwise, do we find any evidence of right in appellants or in their grantors, save such only as is established by the conveyance already mentioned by Frances Moore and others to Barnes Parker, Hollingsworth and others October 25, 1875. It therefore seems undisputed that appellants were only entitled to the interest in the land severally claimed by them which was conveyed by said deed to Parker and others, and that appellees were entitled to the remainder.

As suggested in the beginning, the court in his charge estimated the interest of appellants Hawkins in the one thousand acres claimed by them as being one hundred and three acres, and the interest of appellant Robinson in the five hundred and sixty-three acres claimed by him as fifty-eight acres, and no assignment of error questions the accuracy of such computation. We therefore have not undertaken to ascertain the matter with exactness, but assume that the trial court's calculation is approximately correct.

This leaves for our determination substantially the only question presented in the several propositions under appellants' several assignments of error. Every proposition not disposed of by our findings of fact rests upon the contention that appellants Andrew and G. B. Hawkins are entitled to recover out of the one thousand acres purchased by them all of the interest in the league owned by Barnes Parker, Hollingsworth, Brown and Chandler at the date of their deed to J. J. Walker. If this contention is correct, the court's charge and judgment are erroneous, for, whatever the exact amount may be, it is undisputed that by their deed from Frances Moore and others, Barnes Parker and others acquired an undivided interest in the league considerably in excess of the number of acres awarded to appellants. But we do not think the contention can be sustained. Appellants' grantors were but tenants in common with the heirs of Joel Moore who had not conveyed their interest, and appellants Andrew and G. B. Hawkins have shown neither possession, improvements, nor any other equity such as entitles them to appropriate the entire interest acquired by Barnes Parker and others to the exclusion of other grantees of these parties. The deed from Parker, Hollingsworth and others to J. J. Walker, under whom appellants claimed, did not purport to convey their entire interest in the league, but only the specified one thousand acres. The conveyance was effective as against appellees to the extent only of their interest in said one thousand acres, and later conveyances of other specified parts of the league conferred upon such later grantees an equity equal to that of appellants. It is well established that under certain circumstances equity will set off to the vendee of a tenant in common the particular part of the whole conveyed to him, but we know of no case in which a deed of one tenant in common to a specified portion has been permitted to prejudice the right of other co-tenants or of their grantees. Equity is equality, and we conclude that all assignments of error should be overruled and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.